UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREA BAUTISTA SERRANO,

Petitioner,

v.

ORESTES CRUZ, et al.,

Respondents.

No. 1:26-cv-09276-DAD-CKD

<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u>

(Doc. Nos. 1, 2)

On November 9, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Therein, petitioner alleges that her detention violates the Fifth Amendment Due Process Clause. (*Id.* at ¶¶ 34–35.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On November 10, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondents were further directed to state any opposition that they have to the court's intention to rule on the underlying

/////

petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On November 12, 2026, respondents filed an opposition to the pending motion. (Doc. No. 6.) Therein, respondents argue that petitioner is properly detained pursuant to 8 U.S.C. § 1226(a). (*Id.* at 3–4.) Respondents also argue that the petition is moot because petitioner has requested either her immediate release or a bond hearing and a bond hearing has been scheduled for November 23, 2026.[1] (*Id.* at 4–5.) Respondents have not indicated that it opposes this court ruling on the merits of the petition based upon the present briefing, and the court will do so.

Based on the parties' submissions, the court finds the following facts. Petitioner was detained by ICE on November 9, 2026, when she reported to the Fresno, California U.S. CIS Office for her scheduled interview with respect to her adjustment of status application and to register as a permanent resident. (Doc. Nos. 1 at ¶ 29; 6 at 12.) Petitioner was provided a Notice to Appear for removal proceedings and a Notice of Custody Determination that same day. (Doc. No. 6 at 7–9, 16.) Nothing before the court suggests that ICE obtained an administrative warrant in order to detain petitioner. (*See* Doc. Nos. 1, 8.)

/////

---

[1] Inexplicably, in support of this argument, respondents only cite cases where the petitioners' requested relief was limited to a request for a bond hearing and the petitioners received the requested bond hearing prior to the court determining that the petition was moot. (Doc. No. 6 at 5.) These cases are obviously inapplicable to this case where petitioner requests her immediate release, or in the alternative, a bond hearing, and has received neither. Further, this court has explained on multiple occasions that a habeas petition is not rendered moot by release or other remedy where there is a remaining collateral consequence which may be redressed by success on the petition. *See Li v. Albarran*, No. 1:26-cv-00980-DAD-EFB, 2026 WL 970529, at *2–3 (E.D. Cal. Apr. 10, 2026) (finding the petitioner's release pursuant to the court's order did not render the petition moot because a collateral consequence remained); *Cruz Suastegui v. Cruz Suastegui*, No. 1:26-cv-00115-DAD-EFB, 2026 WL 2823715, at *1 (E.D. Cal. Sept. 21, 2026) (finding the petitioner's release pursuant to the court's order did not render the petition moot because the appropriate remedy included an injunction related to the petitioner's future re-detention); *Lopez v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-cv-04846-DAD-SCR, 2026 WL 1999123, at *1 (E.D. Cal. July 10, 2026) (finding the petition was not rendered moot when the petitioner received a court ordered bond hearing because the petitioner also requested release). The fact that a bond hearing has been scheduled for a future date clearly does not render this petition moot. Respondents' counsel is cautioned that the court does not look kindly upon the advancement of such arguments, which clearly lack merit.

In addition, petitioner alleges that she has been granted temporary protected status ("TPS") five times since she first entered the United States in 1998. (Doc. No. 1 at ¶ 28.) Although petitioner has not provided evidence of her prior TPS, respondents do not contest this allegation. However, respondents do state that petitioner's most recent request to renew TPS was denied on July 25, 2025. (Doc. No. 6 at 13.)

In light of the fact that petitioner was detained without an administrative warrant, the court incorporates its reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026), where the court explained that failure to arrest following or contemporaneously with the issuance of a warrant pursuant to § 1226(a) provides sufficient basis to mandate a petitioner's release. In addition, in light of the fact that petitioner was detained when she appeared for her adjustment of status interview, the court incorporates its prior reasoning in *Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025), where the court concluded that the petitioner's detention at his adjustment of status interview was a violation of the Immigration and Nationality Act. Finally, in light of the fact that respondents do not contest that petitioner was previously granted TPS which has since expired, the court incorporates its prior reasoning in *Quintero Rangel v. Warden of the Cal City Immigr. Ctr.*, No. 1:26-CV-03997-DAD-CKD, 2026 WL 1983930, at *1 (E.D. Cal. July 9, 2026), where the court found that the government's decision not to detain the petitioner when his TPS expired, resulted in the same liberty interest in his continued freedom as an individual initially detained and that the petitioner should have been afforded additional pre-deprivation process.

For all of the reasons explained above:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Andrea Bautista Serrano, A-File No. 094-301-882, from respondents' custody;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing

petitioner notice and a pre-detention hearing before an immigration judge where respondent will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting her habeas relief;

3. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE